UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 0:06-CV-34-HRW

MELISSA RUFFING,                                                              PLAINTIFF,

V.


MOVIE GALLERY US, INC.
and
DRU DOZIER,                                                                   DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [Docket No. 9], and Defendants' Motion to Dismiss the Complaint [Docket No.10].[1] Both Motions were filed with this Court on May 8, 2006. The time allotted for Plaintiff's response is fixed by the Joint Local Rules of Civil Practice, Rule 7.1. The rule allows fifteen (15) days. In addition, Fed. R. Civ. P. 6(e) permits three additional days for service by mail, by leaving a copy with the clerk of Court, or by any other means, including electronic means. Finally, under Fed. R. Civ. P. 6(a) the day of the act or event from which the time begins to run is excluded. By the Court's calculation under the applicable rules, Plaintiff's response

---

[1] Because the motions ask the Court to consider evidence outside the original pleadings in this matter, pursuant to Fed. R. Civ. P. 12(b), the Court will treat both motions as motions for summary judgment under Rule 56.

period expired on Friday, May 26, 2006. To date, Plaintiff has not filed a response to the dispositive motions, nor has the Court received any request for an extension of time to respond. Failure to respond alone would ordinarily provide sufficient grounds to sustain the motions. Nevertheless, the Court has reviewed the record, and finds the motions are well taken.

**I. Background**

This matter was removed from Greenup Circuit Court to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a). The Complaint, originally filed in Greenup Circuit Court, alleges four separate counts, including outrage; violation of K.R.S. 338.031 ("by purposefully placing Melissa Ruffing in situations that were likely to cause physical and/or mental harm"); negligent hiring, training, retention or supervision; and punitive damages for reckless, wanton, willful, and/or grossly negligent conduct.

The facts alleged in the Complaint indicate that Plaintiff was employed by Defendant Movie Gallery. The Complaint further states that Plaintiff was on duty at her place of employment on July 14, 2004, when she was assaulted and raped by two intruders. There is no indication in the record, and Plaintiff does not allege that the assailants were employed by or affiliated with Movie Gallery in any way. The Complaint also states that Defendant Dru Dozier was an agent for Movie Gallery

and acted as Plaintiff's immediate supervisor.

The Complaint states that sometime prior to July 14, 2004, Defendant Movie Gallery had purchased emergency alert necklaces designed to be worn around the necks of employees. The Complaint further alleges that Defendant Dozier, acting within the course and scope of her employment, instructed Plaintiff not to wear the necklace but instead to place it in the cash drawer. Finally, the Complaint alleges that Plaintiff was not able to notify law enforcement of the ongoing assault because the emergency necklace was in the cash drawer. It is based on these factual allegations that Plaintiff seeks damages for the Counts described above.

Defendants argue in their motions that Plaintiff's receipt of workers' compensation funds is an exclusive remedy and Defendants' exclusive source of liability, and therefore this action cannot be maintained. In short, Defendants argue that this Court (as well as the Circuit Court from which it came) lacks subject matter jurisdiction to entertain the matter. The Court is inclined to agree with Defendants.

**II. Discussion**

The Kentucky Workers' Compensation Act provides that "if an employer secures payment of compensation as required by this chapter, the liability of such

employer under this chapter **shall be exclusive and in place of all other liability of such employer to the employee...**" K.R.S. § 342.690(1)(emphasis added). This exclusivity applies to any employer participating under the Act and its employees, and deprives the trial court of subject matter jurisdiction over matters falling within the Act. *See Shamrock Coal Co. v. Maricle,* 5 S.W.3d 130, 134 (Ky. 1999). Likewise, this section establishes an exclusivity of remedies available to employees. *See Williams v. Eastern Coal Corp.,* 952 S.W.2d 696, 698 (Ky. 1997)(citing *Morrison v. Carbide and Carbon Chemicals Corp.,* 278 Ky. 746, 129 S.W.2d 547 (1939)).

Section 342.610(4) of the Kentucky Revised Statutes provides that if the employee's injury results from the "deliberate intention of his employer to produce such an injury," then the employee has the option to proceed at law as if the chapter had not been passed. K.R.S. § 342.610(4); *Morrison v. Carbide and Carbon Chemicals Corp.,* 129 S.W.2d at 550. This is referred to as the "deliberate intention" exception to the exclusivity provisions of the Act. However, the employee must choose his remedy; he gets but one bite at the proverbial apple. If the employee chooses receive payment under the workers' compensation laws, then he waives his action at law. *See Blanton v. Cooper Indus, Inc.,* 99 F.Supp.2d 797, 804 (E.D.Ky. 2000).

Evidence in the record indicates that Defendant Movie Gallery had secured worker's compensation insurance through Charter Oak Fire Insurance Company and had registered with the Kentucky Office of Worker's Claims. (Doc. No. 12, Attachment No. 2). There is also evidence to the effect that Plaintiff has received and accepted workers' compensation benefits (Doc. No. 9, Attachment No. 2). Therefore, even assuming Plaintiff had argued the application of the "deliberate intention" exception, the payment of workers' compensation benefits forecloses the option to proceed at law. In the absence of any responsive memorandum or contrary evidence, the Court finds that recovery under the Kentucky Workers' Compensation Act is the exclusive remedy and that this Court lacks subject matter jurisdiction under *Shamrock Coal Co. Inc., v Maricle,* 5 S.W.3d at 133.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that Defendants' Motions [Docket Nos. 9, 10] are **SUSTAINED;**

(2) that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**; and

(3) a separate judgment shall be entered contemporaneously herewith.

This June 16, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge